IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY L. ANDERSON,

                Petitioner,                                    ORDER

v.

                                                              13-cv-792-wmc

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution,

                Respondent.

---

Jerry L. Anderson is presently incarcerated by the Wisconsin Department of Corrections at the Green Bay Correctional Institution. Anderson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction. He has paid the five dollar filing fee and he has also filed a memorandum in support of his petition. *See* dkt. 2. This case is pending preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. The court is unable to complete this review because the pleadings are deficient for reasons outlined briefly below.

Anderson was convicted following a jury trial in Dane County Case No. 2008CF1778, on charges of false imprisonment, strangulation and suffocation, second-degree recklessly endangering safety, four counts of battery, and felony bail-jumping. On direct appeal, Anderson raised the following issues: (1) minorities were excluded from the jury pool, violating Anderson's constitutional rights; (2) the record is defective, denying Anderson the right to fully present his arguments on appeal; (3) a detective, who testified for the State, bribed the victim by placing money into her account in jail and then falsely testified that the money came from an agency; (4) the circuit court failed to provide a particularized ruling as to each of Anderson's claims; (5) the circuit court erred by relying on irrelevant and

improper criteria at sentencing; (6) the prosecutor engaged in misconduct by pursuing charges against Anderson despite inconsistencies in witness testimony; and (7) Anderson's trial counsel was ineffective. The Wisconsin Court of Appeals rejected each issue and affirmed the conviction in an unpublished opinion. *See State v. Anderson*, 2012 WI App 73, 342 Wis. 2d 248, 816 N.W.2d 350 (per curiam). In doing so, the court of appeals noted that Anderson raised unspecified "additional arguments" that lacked a "legal basis." 2012 WI App 73, ¶ 1 n.1. Anderson filed a petition for review of this opinion with the Wisconsin Supreme Court, which was denied that request on October 16, 2012.

Anderson now petitions this court pursuant to 28 U.S.C. § 2254 for relief from his conviction in Dane County Case No. 2008CF1778. In his pending petition, Anderson contends generally that he is entitled to relief from his conviction for the following reasons: (1) "discriminatory jury selection"; (2) "trial court error"; (3) ineffective assistance of counsel; and (4) "multiplicity."

Anderson's petition is deficient for two reasons. First, Anderson provides no facts in support of his claims. Instead, he refers generally to his supporting memorandum. Anderson's supporting memorandum, which is 29 pages long, neither sets forth his proposed grounds for relief in any discernable fashion, nor does it state with any clarity the facts in support of those grounds. If anything, Anderson's memorandum appears to list far more claims than he includes in his petition. Therefore, the pleadings do not comply with Rule 2© of the Rules Governing Section 2254 Cases, which requires a petitioner to "specify all the grounds for relief available to [him]" and "state the facts supporting each ground."

Second, of the myriad, possible claims set forth his petition and supporting memorandum, Anderson does not indicate which were raised in his petition for review with the Wisconsin Supreme Court. Thus, it is impossible to tell which claims were exhausted in state court.[1] *See* 28 U.S.C. § 2254(b).

Because the pleadings are deficient, the court will strike Anderson's petition from the record, but will grant Anderson an opportunity to file an *amended* petition within thirty (30) days that comports with the rules governing federal habeas corpus proceedings. In that respect, Anderson must comply with Rule 2© of the Rules Governing Section 2254 Cases by "specify[ing] all the grounds for relief available to [him]" *and* providing along with those grounds for relief a short and plain"[statement of] the facts supporting each ground."

To ensure compliance, Anderson is directed to file an amended petition using a standard form approved for use by a person in state custody. The clerk's office will provide

---

[1] Typically, a federal habeas corpus court may not entertain a state prisoner's petition for relief unless he has first exhausted all remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state governments by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *See Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to "fully and fairly" present his federal claims to the state courts. *See Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To fairly present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner is required to present the state courts with "the same [substantive] claim that he urges upon the federal courts." *Picard*, 404 U.S. at 275-76. To fully present a claim, the petitioner must complete one round of state court review, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Anderson with a blank form along with this order for his convenience or he may use any similar form available from the prison law library.  The amended petition may refer to claims listed in a supporting memorandum or brief *provided* that Anderson supplies page numbers to indicate precisely where the supporting facts can be located for *each* proposed ground for relief.

In addition, Anderson must also provide a copy of his petition for review by the Wisconsin Supreme Court so that this court can determine which of his claims were exhausted for purposes of 28 U.S.C. § 2254(b).  If Anderson does not have an extra copy of his petition for review, he is instructed to provide the original.  The clerk's office will then make a copy and return the original to him.

ORDER

IT IS ORDERED THAT:

1. The habeas corpus petition filed by Jerry L. Anderson (dkt. # 1) is STRICKEN for failure to comply with the Rules Governing Section 2254 Proceedings in the U.S. District Courts.

2. Within **thirty (30) days** from this date, Anderson shall file an amended petition using a standard form approved for use by a person in state custody.  As instructed in this order, any amended petition must comply with Rule 2© of the Rules Governing Section 2254 Cases by "specify[ing] all the grounds for relief available to [him]" and providing along with those grounds for relief a short and plain"[statement of] the facts supporting each ground."  The clerk's office will provide Anderson with a blank form along with this order for his convenience or he may use any similar form available from the prison law library.

3. Along with his amended petition, Anderson shall also file a copy of his petition for review by the Wisconsin Supreme Court.  If Anderson does not have an extra copy of his petition for review, he is instructed to

provide the original. The clerk's office will then make a copy and return the original to him.

4. **If Anderson does not comply fully as directed within thirty (30) days, the court will assume that he does not wish to proceed and will dismiss this case without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 13th day of January, 2014.

                               BY THE COURT:

                               /s/

                               _____
                               WILLIAM M. CONLEY
                               District Judge