IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY L. ANDERSON,

    Petitioner,

v.

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

    Respondent.

ORDER

13-cv-792-wmc

---

On November 7, 2013, state inmate Jerry L. Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered against him on March 13, 2009, in Dane County Case No. 08CF1778. The state has filed a response to that petition, which is currently under advisement. Anderson now requests a stay so that he can return to state court and present additional claims. The motion will be denied for reasons set forth briefly below.

Requests to stay a federal habeas proceeding are governed by the criteria found in *Rhines v. Weber*, 544 U.S. 269 (2005). In that case, the Supreme Court held that district courts may stay a mixed petition, containing both exhausted and unexhausted claims, only in "limited circumstances." *Id.* at 277. To obtain a stay under *Rhines*, a petitioner must show good cause for his failure to exhaust. *Id.* Assuming that good cause is shown, the court must find that the unexhausted claims are potentially meritorious and that petitioner has not engaged in "abusive litigation tactics or intentional delay[.]" *Id.* at 277, 278; *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006).

Anderson does not show that he is entitled to a stay under *Rhines* for several reasons. First, Anderson has already exhausted his state court remedies with respect to the claims in his

1

pending petition, meaning that it does not qualify as a mixed petition of the sort at issue in *Rhines*. He has not otherwise shown that the proposed claims are appropriate to include in an amended petition. In that respect, the statute of limitations on habeas corpus review has expired and it is not clear that Anderson's proposed claims will relate back to his original petition. *See Mayle v. Felix*, 545 U.S. 644, 663-64 (2005). Likewise, Anderson does not establish that state court remedies remain available at this point. As a result, review of any new claims is likely barred by the doctrine of procedural default.

Second, Anderson does not establish the requisite good cause for a stay. This case was filed in November of 2013. The respondent has already filed an answer and both parties have submitted briefing. Anderson does not offer any explanation for his delay in seeking a stay or his failure to raise his proposed new claims previously in state court.

Third, Anderson's motion merely lists his proposed claims without providing any facts in support. He does not attempt to demonstrate that any of his proposed unexhausted claims have merit. Accordingly, the court will not grant Anderson a stay so that he can return to state court and exhaust additional claims.

ORDER

IT IS ORDERED that Petitioner Jerry L. Anderson's motion for a stay to return to state court, dkt. # 23, is DENIED.

Entered this 27th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

pending petition, meaning that it does not qualify as a mixed petition of the sort at issue in *Rhines*. He has not otherwise shown that the proposed claims are appropriate to include in an amended petition. In that respect, the statute of limitations on habeas corpus review has expired and it is not clear that Anderson's proposed claims will relate back to his original petition. *See Mayle v. Felix*, 545 U.S. 644, 663-64 (2005). Likewise, Anderson does not establish that state court remedies remain available at this point. As a result, review of any new claims is likely barred by the doctrine of procedural default.

Second, Anderson does not establish the requisite good cause for a stay. This case was filed in November of 2013. The respondent has already filed an answer and both parties have submitted briefing. Anderson does not offer any explanation for his delay in seeking a stay or his failure to raise his proposed new claims previously in state court.

Third, Anderson's motion merely lists his proposed claims without providing any facts in support. He does not attempt to demonstrate that any of his proposed unexhausted claims have merit. Accordingly, the court will not grant Anderson a stay so that he can return to state court and exhaust additional claims.

ORDER

IT IS ORDERED that Petitioner Jerry L. Anderson's motion for a stay to return to state court, dkt. # 23, is DENIED.

Entered this 27th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge